UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGILIO BERSAIN MORALES SAMAYOA (A-221-453-509),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br>Respondent. | No. 1:26-cv-03279-DC-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner Virgilio Bersain Morales Samayoa (A-221-453-509), a native and citizen of Mexico, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner was admitted to the United States on December 16, 2022 as a nonimmigrant agricultural worker with authorization to remain for a temporary period not to exceed June 15, 2023. Petitioner remained in the United States beyond June 15, 2023 without authorization. On February 24, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained petitioner following a traffic stop. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that respondent's motion to dismiss be granted.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND[2]

Petitioner is a citizen and native of Mexico. (ECF No. 1 at 5.) On December 16, 2022, petitioner was admitted to the United States as a nonimmigrant H-2A agricultural worker with authorization to remain for a temporary period not to exceed June 15, 2023. (ECF No. 5 at 9.) Petitioner remained in the United States beyond June 15, 2023 without authorization. (Id.) On February 24, 2026, ICE detained petitioner after encountering him following a traffic stop. (Id.) ICE served petitioner with a Notice to Appear charging him with violation of Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 USC § 1227(a)(1)(B), as a nonimmigrant who remained in the United States for a time longer than permitted. (See id.)

On April 21, 2026, an immigration judge provided petitioner with a bond hearing. (Id. at 12.) The immigration judge denied bond, finding petitioner was a flight risk. (Id.)

The parties do not dispute that petitioner is being detained pending removal proceedings under 8 U.S.C. § 1226(a). (Id. at 5.) Petitioner has been in continuous detention since February 24, 2026. (ECF No. 1 at 1.) Respondent does not contest petitioner's factual allegations. (See ECF No. 5.)

## II. PROCEDURAL BACKGROUND

On April 29, 2026, petitioner filed his petition for writ of habeas corpus. (ECF No. 1.) On May 5, 2026, respondent timely filed a consolidated motion to dismiss and response to the petition. (ECF No. 5.) On May 11, 2026, petitioner filed a motion to proceed in forma pauperis and supplement to the petition. (ECF Nos. 6, 7.) Examination of the affidavit reveals petitioner is unable to afford the costs of this action. Accordingly, leave to proceed in forma pauperis is granted. 28 U.S.C. § 1915(a).

On June 4, 2026, petitioner filed an opposition to respondent's motion to dismiss. (ECF No. 8.) On June 18, 2026, petitioner filed a motion for expedited consideration of his petition. (ECF No. 9.) On June 24, 2026, petitioner filed a supplemental notice regarding his medical

---

[2] Petitioner filed a verified habeas petition. (ECF No. 1 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)). Respondent does not contest petitioner's factual allegations. (See ECF No. 6.)

condition and continued detention. (ECF No. 10.) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondent's motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition as challenging his continued detention based on the violation of (1) the Fifth Amendment procedural due process clause; and (2) the Immigration and Nationality Act ("INA"). (See ECF No. 1 at 2; ECF No. 8 at

2.) In the motion to dismiss and response to the petition, respondent asserts petitioner is lawfully detained under 8 U.S.C. § 1226(a); he failed to exhaust his administrative remedies; and any due process claims fail. (ECF No. 5 at 2-5.)

**A. Statutory Basis for Detention and Due Process Claim**

8 U.S.C. § 1226 governs the arrest, detention, and release of noncitizens like petitioner who are in removal proceedings. 8 U.S.C. § 1226; see also Demore v. Kim, 538 U.S. 510, 530 (2003). Under § 1226(a), the Department of Homeland Security ("DHS") has discretionary authority to detain a noncitizen, release them on bond, or release them on conditional parole pending removal proceedings. This discretionary authority does not apply to noncitizens who fall within the criminal categories described in § 1226(c), for whom detention is mandatory.

When a noncitizen is taken into immigration custody under § 1226(a), ICE makes an initial custody determination, which may include setting bond. 8 C.F.R. § 236.1(c)(8). A detainee may then request a bond redetermination hearing before an immigration judge. 8 C.F.R. § 236.1(d)(1). At that hearing, the detainee bears the burden of demonstrating to the immigration judge that the detainee warrants release on bond. See In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). The immigration judge must consider whether the detainee "is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." Id. (citing Matter of Patel, 15 I. & N. Dec. 666 (BIA 1976)). The immigration judge may also weigh other discretionary factors. Id.

If the immigration judge denies bond, the detainee may appeal to the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 236.1(d)(3). If the BIA affirms, the detainee may seek habeas relief in federal district court. Leonardo v. Crawford, 646 F.3d 1157, 1159-61 (9th Cir. 2011). While district courts have jurisdiction to review bond determinations for constitutional error, Rodriguez Diaz v. Garland, 53 F.4th 1189, 1209 (9th Cir. 2022), district courts may not review discretionary judgments regarding the detention and release of noncitizens in removal proceedings under § 1226(a). 8 U.S.C. § 1226(e).

Further, an individual detained pursuant to § 1226(a) may request an additional bond hearing whenever he experiences a material change in circumstances. See 8 C.F.R. § 1003.19(e).

In the motion to dismiss and answer, respondent asserts that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 5 at 5.) Petitioner does not dispute this. (See ECF No. 8.) As discussed above, an immigration judge held a bond hearing in petitioner's case and issued an order denying bond on April 21, 2026. (ECF No. 5 at 12-13.) Petitioner acknowledges he did not appeal the immigration judge's decision denying bond. (ECF No. 8 at 1-2.)

When the procedures called for by § 1226(a) were provided, as in the facts of this specific case where petitioner was detained pursuant to § 1226(a) and received a bond hearing before an immigration judge, this Court finds no due process violation. Accordingly, the Court recommends denying petitioner's due process claim.

**B. Exhaustion of Administrative Remedies**

Respondent argues that petitioner failed to exhaust administrative remedies where he did not appeal the immigration judge's April 21, 2026 order denying his request for bond. (ECF No. 5 at 2-4.) Petitioner argues that exhaustion should be waived as he has been detained and is proceeding pro se. (ECF No. 8 at 1-2.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude

the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

In Leonardo v. Crawford, 646 F.3d 1157 (9th Cir. 2011), the petitioner was a noncitizen held in immigration detention pursuant to 8 U.S.C. § 1226(a) and filed a petition for writ of habeas in the federal district court under 28 U.S.C. § 2241, alleging that his prolonged detention without a bond hearing violated his due process rights. See Leonardo, 646 F.3d at 1159. The district court entered an order directing respondent to hold a bond hearing consistent with the requirements set forth in Casas-Castrillon v. Department of Homeland Security, 535 F.3d 942 (9th Cir. 2008), and refrained from entering judgment on the habeas corpus petition until respondents had reported to the court that such a hearing had been held. See Leonardo, 646 F.3d at 1159. Respondents complied with the order and an Immigration Judge held a bond hearing, at which he denied bond upon finding petitioner was a danger to the community. See id. The petitioner did not appeal this determination to the BIA but instead filed in the district court in his pending habeas corpus proceeding a motion for the court to review and reverse the Immigration Judge's bond order, arguing that the bond hearing did not conform to the court's prior order nor satisfy due process. Id. The Ninth Circuit held that the petitioner's request should have been denied, and his underlying claim dismissed without prejudice, due to his failure to exhaust administrative remedies by seeking review of the bond decision to the BIA. See id. at 1160. The Ninth Circuit explained that the statutory and regulatory scheme of § 1226(a)

> entitle[s] [detainees] to a bond hearing before an immigration judge. If they are dissatisfied with the IJ's bond determination, they may file an administrative appeal so that "the necessity of detention can be reviewed by ... the BIA." If they remain dissatisfied, they may file a petition for habeas corpus in the district court.

Id. (citations omitted). As such, it was "improper" for petitioner to employ the "short cut" of seeking review of the immigration judge's bond decision in the district court before seeking

review in the BIA. See id. Instead, petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the immigration judge's decision" and "[o]nce the BIA rendered its decision, [petitioner] could have properly pursued habeas relief in the district court and the district court's decision would have been subject to review in this court." Id. Because petitioner had not shown that his request should be excused from the prudential exhaustion requirement, nor that the proceeding should be stayed to permit him to exhaust the new claim, the Ninth Circuit held that the petition should be dismissed without prejudice due to petitioner's failure to exhaust his claim challenging the adequacy of the bond determination. See id. at 1160-61.

Under the circumstances of this case, this Court finds that petitioner should not be excused from exhausting administrative remedies. Petitioner did not seek review of the immigration judge's April 21, 2026 decision. Petitioner contends he did not file an appeal as he was detained, proceeding pro se, and uninformed of the administrative procedures available to him. (ECF No. 8 at 2.) Though the Court acknowledges the challenges pro se petitioners face and that petitioner has been transferred between detention facilities (see ECF No. 1 at 1), the immigration judge's decision indicates petitioner reserved appeal and relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. (See ECF No. 5 at 13.) Further, administrative review allows the agency to correct its own mistakes and thus avoid the need for judicial review. Accordingly, as to petitioner's challenges to the April 21, 2026 decision by the immigration judge denying his request for bond, this Court finds petitioner's claim should be dismissed based on his failure to exhaust administrative remedies. See Leonardo, 646 F.3d at 1160.

## V. CONCLUSION

In summary, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 6) is granted; and
2. Petitioner's motion for expedited consideration (ECF No. 9) is denied as moot.

Further, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 5) be GRANTED.

2. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED.
3. The Clerk of the Court be directed to enter judgment in favor of respondent and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 22, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Mora.3279.2241.imm/9