UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGILIO BERSAIN MORALES SAMAYOA (A-221-453-509),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-03279-DC-CSK (HC)<br><br><u>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS</u><br><br>(Doc. Nos. 1, 5, 11, 13, 14) |

Petitioner, an immigration detainee proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

In December 2022, Petitioner was admitted to the United States pursuant to a visa, which expired in June 2023. (Doc. Nos. 1 at 1; 5 at 4, 9.) In February 2026, Petitioner was detained by immigration authorities following a traffic stop and cited with being inadmissible for having overstayed his visa, and remains in immigration custody. (*Id.* at 2, 9.) Petitioner has no criminal history. (*Id.* at 9.) Petitioner was not provided with prior notice or a pre-deprivation bond hearing before his immigration detention. (*Id.* at 2, 9.)

On April 29, 2026, Petitioner filed the pending habeas petition seeking relief on due process grounds. (Doc. Nos. 1, 7, 8.) On July 22, 2026, the magistrate judge filed findings and

recommendations recommending that Respondents' motion to dismiss the petition be granted and this action be dismissed due to Petitioner's failure to exhaust administrative remedies. (Doc. No. 11.) The findings and recommendations were served on all parties and contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (*Id.*) On July 30, 2026, Petitioner filed objections to the findings and recommendations. (Doc. No. 12.) Respondents did not file objections.

In reviewing findings and recommendations, the court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). In accordance with this court's prior decisions in cases similarly involving petitioners who overstayed their visa, the undersigned will decline to adopt the findings and recommendations and will grant the petition for a writ of habeas corpus and order that Petitioner be released from custody.

Specifically, this court has held that noncitizens admitted to the United States pursuant to a visa, but not detained within a reasonable time after the expiration of their lawful status, develop a vested liberty interest in remaining free from detention such that due process forbids the government from detaining the noncitizen unless they are first provided with adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-05505-DC-CKD, 2026 WL 2949219, at *5–7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds for the petitioner who had overstayed her visa); *Yang v. Warden, Cent. Valley Annex*, No. 1:26-cv-07250-DC-AC, 2026 WL 2982933 (E.D. Cal. Oct. 5, 2026) (same); *Velasquez Leon v. U.S. Att'y Gen./ICE*, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950 (E.D. Cal. Oct. 5, 2026) (same). This court has also found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See, e.g.*, *Selis*

*Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same). Further, this court has held that a post-deprivation bond hearing cannot suffice as a post hoc cure for an earlier constitutional violation stemming from the government's failure to provide notice and a pre-deprivation bond hearing before revoking a noncitizen's government-sanctioned liberty. *See Oliveira Tinoco*, 2026 WL 2949219, at *4–6.

Respondents neither argue nor explain why notice and a pre-deprivation bond hearing were not, or could not have been, provided to Petitioner when he was not detained until nearly three years after his visa was revoked, and two months after he was arrested and placed in removal proceedings. (*See* Doc. No. 5 at 2.) Thus, Respondents provide no factual or legal basis for this court to stray from its previous determination that similarly situation noncitizens are entitled to notice and a pre-deprivation bond hearing before they can be detained. For the reasons articulated in *Oliveira Tinoco*, the undersigned finds that Petitioner's right to due process was violated when he was detained without notice and a pre-deprivation bond hearing. *See Oliveira Tinoco*, 2026 WL 2949219, at *4–7. Further, as this court found in *Oliveira Tinoco*, the proper remedy for Respondents' failure to provide Petitioner with a constitutionally compliant pre-deprivation bond hearing is Petitioner's return to the "status quo ante litem, meaning [Petitioner's] last uncontested status immediately preceding detention." *Id.* at *6 (citation modified).

Accordingly, IT IS HEREBY ORDERED that:

1. The court DECLINES TO ADOPT the findings and recommendations filed July 22, 2026 (Doc. No. 11);

2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Petitioner Virgilio Bersain Morales Samayoa (A-221-453-509) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his current immigration

detention. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. Respondents' motion to dismiss (Doc. No. 5) is DENIED;

4. Petitioner's pending motions (Doc. Nos. 13, 14) are DENIED as having been rendered MOOT by this order;

5. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

/////

/////

/////

/////

/////

6. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 26, 2026**

Dena Coggins
United States District Judge